BRADLEY, Presiding Judge.
This is a termination of parental rights case.
After an ore tenus proceeding, the Juvenile Court of Marshall County ordered the permanent termination of all the parental rights of the mother and father of Crystal Shawn Crow. The mother appeals.
The mother contends there was not sufficient evidence to support the court’s findings. We disagree.
Although parents have a prima fa-cie right to the custody of their children, such right can be overcome by clear and convincing evidence that permanent removal from the parents’ custody is in the child’s best interests. Fitzgerald v. Fitzgerald, 490 So.2d 4 (Ala.Civ.App.1986). The evidence must be clear and convincing that the child is dependent and that there are no less drastic alternatives to termination of parental rights. Fitzgerald, supra.
In determining whether to terminate parental rights, the trial court may consider such factors as the failure of DHR’s efforts to rehabilitate the parent and the failure of the parent to adjust her circumstances to meet the needs of the child in accordance with agreements made by the parent with DHR. §§ 26-18-7(a) and-7(b), Code 1975.
The facts show that Crystal Shawn Crow (Shawn) has been in the custody of the Department of Human Resources of Marshall County (DHR) since October 1984. At the time of Shawn’s birth in 1981, the parents were separated and they later divorced. The father is currently in prison in Florida. He was properly notified of the *127 proceedings but did not appear or file any responsive pleadings.
Shawn was adjudged dependent and placed in the custody of DHR in October 1984 after reports of abuse of the three-year-old child by her fifteen-year-old caretaker. At this time the whereabouts of the mother were unknown. It was later determined that the mother had left Shawn with the mother’s brother and his daughter two or three weeks prior to the pick-up order. The mother had left to pursue a career in truck driving. The caretaker that abused Shawn was the fifteen-year-old daughter of the mother’s brother.
DHR worked with the mother to facilitate Shawn’s return. She was repeatedly informed of her responsibilities in order to regain custody. She was told that she must establish a stable residence, secure stable employment, and secure appropriate child care for Shawn. Service agreements were issued in Alabama, as well as Wisconsin, where the mother resided for a short period of time. DHR’s counterpart in Wisconsin also provided services to ensure Shawn’s return to the mother's custody.
The testimony at trial revealed that the mother had failed to establish a stable residence, secure stable employment, or arrange appropriate child care pursuant to the service agreements. There was also testimony that the mother misrepresented her situation to DHR by failing to inform it of her marriage to her current husband, the total number of persons residing with the mother, a pending eviction from her apartment, the lack of electricity due to her failure to pay her bill, and the presence of the mother’s eighteen-year-old pregnant daughter in the residence. Upon learning of the mother’s true situation, DHR filed this petition to terminate.
The trial court determined that there has been no improvement in the mother’s situation since 1984 and that it is not likely to improve in the future, despite the repeated efforts of DHR. There is sufficient evidence to support this conclusion.
The record is also clear that DHR sought less drastic alternatives than termination but was unsuccessful. DHR has worked with the mother extensively. However, these attempts at rehabilitation have failed.
In a child custody case the judgment of the trial court is presumed to be correct and will not be altered on appeal unless plainly and palpably wrong. Matter of Moore, 470 So.2d 1269 (Ala.Civ.App.1985).
We find, therefore, that there was clear and convincing evidence that it was in Shawn’s best interests to have parental rights terminated and custody placed with DHR.
The trial court’s judgment is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.